**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>vs.<br><br>Michael Rocky Lane,<br><br>      Defendant. | No. CR 12-01419-001-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant Michael Lane's motion to dismiss for violation of his right to a speedy trial. Doc. 125. The government has filed a response opposing the motion (Doc. 130) and Defendant has filed a reply and supplement (Docs. 136, 140). The Court heard oral argument on March 29, 2013. For the reasons that follow, the Court will deny the motion.[1]

**I.  Background.**

Defendant Lane was arrested on a complaint issued by the government on July 24, 2012. The original indictment was procured on July 27, 2012, and named Defendant Lane and Co-defendant Andrew Freeman. Present Co-defendants Nicholas Zizzo, Benjamin

---

[1] At the hearing on this motion, counsel for Defendant Lane indicated that he also is asking the Court to revisit Defendant Lane's detention in this case. The Court does not view the present motion as squarely addressing that issue, and therefore will not rule on it at this time. Defendant Lane may file such a motion if warranted.

Lowenstein, and Clinton Strunk were indicted separately and later consolidated with this case. The government obtained a superseding indictment in November 2012 adding Co-defendants Vincent Collura and David Titus. Recently, the government obtained a second superseding indictment adding additional analogue drugs and expanding the relevant time periods somewhat. Doc. 143. Defendant Lane contends that his speedy trial rights have been denied and the charges against him should therefore be dismissed with prejudice.

## II.     Speedy Trial Act.

Defendant disagrees with the Court's decision that this case is complex within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). Doc. 69. He does not dispute, however, that the 70-day trial deadline under the Act has not yet arrived if the Court's trial continuances under the Act were well-founded. For reasons stated on the record at the hearing on November 28, 2012, the Court continues to conclude that this case is complex under the Speedy Trial Act, that it is not reasonable to expect adequate preparation for pretrial proceedings or for trial before the dates set in the Court's scheduling orders, and that the ends of justice served by the schedule and trial date established by the Court outweigh the best interests of the public and Defendants in speedier proceedings or trial. Doc. 69 at 2. The complexity of the case arises from multiple defendants and conspiracies, more than 50,000 pages of discovery produced by the government, and the difficult scientific and legal issues arising from the analogue drug charges.

The continuances granted by the Court before this case was designated complex were either requested by Defendant Lane or consented to by him, and were based on the fact that additional time was needed to prepare the defense. Docs. 26, 28, 52, 54. The Court continues to view these continuances as warranted. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the Court finds no grounds for dismissing this case under the Speedy Trial Act.

Defendant also cites 18 U.S.C. § 3164 in support of his motion. That statute provides that a trial must begin within 90 days for a person held in detention while awaiting trial. 18 U.S.C. § 3164(b). It also provides that "[t]he periods of delay enumerated in section 3161(h) [The Speedy Trial Act] are excluded in computing the time limitation specified in this

section." *Id*. Time excluded by the Court under the Speedy Trial Act because of the complexity of this case and to allow defense preparation, as discussed above, is therefore excluded from the time limit in § 3164, and the 90-day deadline has not yet arrived.[2]

### B. Sixth Amendment.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial[.]" U.S. CONST. amend. VI. To evaluate a claimed violation of this Sixth Amendment right, the Court applies a balancing test involving four factors: (1) the length of the delay, (2) the reasons for the delay, (3) Defendant's assertion of his right to a speedy trial, and (4) prejudice to Defendant. *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972).

#### 1. Length of the delay.

The first *Barker* factor is a threshold issue. Defendant "must show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay." *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (citation omitted). If he makes such a showing, the Court proceeds to consider the other *Barker* factors. *Id*. While there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992).

Defendant was arrested on July 25, 2012. Doc. 14. Trial in this matter is scheduled to begin in June of 2013, less than one year after this date. Docs. 69, 124. Because the delay is approaching one year, however, the Court will engage in further *Barker* analysis. Applying the first factor, the Court finds that the delay in this case is lengthy enough to

---

[2] Defense counsel suggested during the hearing on March 29, 2013, that the Court must automatically review Defendant Lane's detention because the 90-day period has elapsed. This obligation arises, however, only if the 90-day deadline has arrived as provided for in § 3164(b) (*see* § 3164(c)), and it has not because of time properly excluded by the Court under the Speedy Trial Act (*see* § 3164(b)). Thus, if Defendant moves to have the Court review his detention, the motion should be based on a legal ground other than § 3164(c).

- 3 -

militate slightly in Defendant's favor. *Cf. United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003) (22-month delay exceeded the threshold but was not "excessively long" and did not "weigh heavily in Gregory's favor"); *United States v. Tahn Lam*, 251 F.3d 852, 856-57 (9th Cir. 2001) (a 15-month delay was long enough to trigger a *Barker* inquiry, but only "militate[d] slightly in Lam's favor"); *Beamon*, 992 F.2d at 1014 (17-month and 20-month delays passed the threshold but were not "great").

### 2. Reason for the delay.

As the Supreme Court noted in *Barker*, a finding that the government intentionally delayed its prosecution in order to "hamper the defense" or gain some advantage at trial would weigh heavily in favor of Defendant's claim, while a "more neutral reason such as negligence . . . should be weighted less heavily but nevertheless should be considered[.]" 407 U.S. at 531. Defendant notes that the analogue drugs and Co-defendants in this case have been largely known to the government since the original complaint was filed, suggesting that the government could have sought the superseding indictments earlier. But Defendant provides no other evidence of bad faith or deliberate delay on the part of the government, and the Court concludes that the complexity of this case justifies the delay that has occurred. The Court also notes that most of the Co-defendants have agreed that preparation of this case for trial is a complex and difficult task, and that substantial pretrial proceedings concerning the admissibility of the government's scientific evidence are required.

Thus, even if it is true that many of the facts were known to the government at the outset of this case, the Court concludes that the delay has been due primarily to the case's complexity. This factor weighs against Defendant's motion to dismiss. *United States v. Abad*, 514 F.3d 271, 274-75 (2d Cir. 2008); *United States v. Netterville*, 553 F.2d 903, 915 (5th Cir. 1977).

### 3. Defendant's assertion of his right to a speedy trial.

As noted above, Defendant has objected to the designation of this case as complex and to the trial date set by the Court for June of 2013, but Defendant also sought the first 60-day extension in this case and consented to the second extension. Docs. 26, 52. This factor weighs slightly against Defendant's motion.

### 4. Prejudice.

Prejudice typically is shown in three ways: (1) oppressive pretrial incarceration, (2) the anxiety and concern of the accused, and (3) the possibility that the accused's defense will be impaired. *Doggett*, 505 U.S. at 654; *Beamon*, 992 F.2d at 1014. Defendant asserts that his incarceration is difficult for him and his family, that he is experiencing anxiety and concern as a result, and that he is unable to participate fully in his defense and in the review and collection of evidence. While these assertions undoubtedly are true, such difficulties always arise from pretrial incarceration. Defendant has identified no unique or specific form of prejudice he is suffering in this case. Because Defendant has not "credibly point[ed] to any specific damage to his defense stemming from the delay in his trial," he has failed to make a showing that he has suffered prejudice under the *Barker* test. *Lam*, 251 F.3d at 860; *see United States v. Loud Hawk*, 474 U.S. 302, 315 (1986) ("possibility of prejudice is not sufficient to support [defendants'] position that their speedy trial rights were violated").

### 5. Balancing.

One of the four *Barker* factors slightly favors dismissal (length of delay), one factor weighs against dismissal (reasons for the delay), one weighs slightly against dismissal (Defendant's assertion of his speedy trial rights), and Defendant has not shown specific prejudice resulting from his delay. Balancing these factors, the Court concludes that Defendant has not shown that the case should be dismissed for violation of his Sixth Amendment right to a speedy trial.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 125) is **denied.**

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 2/27/2013.

DATED this 1st day of April, 2013.

_____
David G. Campbell
United States District Judge

- 6 -