**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 12-01419-001-PHX-DGC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Michael Rocky Lane, | ) | |
| Defendant. | ) | |

Defendant Michael Rocky Lane has filed a motion to review his pretrial detention. Doc.165. The government has filed a response. Doc. 236. For reasons that follow, the Court will deny the motion.

**I.    Legal Standards.**

Defendant seeks to reopen his detention hearing under 18 U.S.C. §§ 3142(f)(2)(B) and 3164. Doc. 165. Section 3142(f)(2)(B) provides that a detention hearing "may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Reopening of a detention hearing "is permissible under this section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant

1  will not flee and will not harm any other person or the community." *United States v.*
2  *Cisneros*, 358 F.3d 610, 614 (10th Cir. 2003). Reopening of a detention hearing is
3  discretionary. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If a court finds that
4  the information presented in support of reopening is not sufficiently material to the issues of
5  dangerousness or flight risk, the court may deny the request. *Id*. at 799.

6  Section 3164 provides that trials involving detained persons shall be accorded priority.
7  It also provides that "[t]he periods of delay enumerated in section 3161(h) are excluded in
8  computing the time limitation specified in this section." 18 U.S.C. § 3164(b).

9  **II.   Analysis.**

10  Defendant argues that the Court should reopen his detention hearing for several
11  reasons: (1) recently filed defense expert reports undermine the government's evidence in
12  this case, (2) Defendant's drug use has been suspended during his detention and he has been
13  a model prisoner, (3) the length of detention violates statutory and constitutional due process,
14  and (4) Defendant's mother's health is deteriorating and his commitment to his significant
15  other and her children deters flight. Doc. 165. The Court does not view any of these
16  arguments as changing the balance of evidence the Court considered carefully at the previous
17  detention hearing. *See* Doc. 55 at 25-28. The Court will address them individually.

18  First, the Court held a *Daubert* hearing on May 14 and 15, 2013, and heard testimony
19  from government and defense experts concerning the government's assertion that certain
20  substances sold in this case are controlled substance analogues subject to prosecution. *See*
21  21 U.S.C. §§ 813, 841. The Court denied Defendants' motion to exclude the government
22  experts. Doc. 227. The evidence of Defendant Lane's involvement with the alleged
23  analogue drugs continues to be substantial, and the determination of their analogue status will
24  be made at trial. This is essentially the same state of affairs as existed when the Court
25  previously denied Defendant's request for release on September 19, 2012.

26  Second, Defendant of course has been drug free while incarcerated, but his drug use
27  at the time of his arrest, as well as the fact that he lied about that drug use, remain significant
28

concerns. This is particularly true given Defendant's significant criminal history, as recounted on the record during the detention hearing on September 19, 2012.

Third, the Court previously ruled that the length of Defendant's pretrial incarceration does not violate his statutory or constitutional speedy trial rights. Doc. 148. Trial in this matter will begin in less than one month, and the Court continues to conclude that no speedy trial rights have been violated.

Fourth, the information concerning Defendant's family was presented at the previous detention hearing. Defendant's new motion simply incorporates it by reference. Doc. 165 at 2. It does not constitute information that "was not known to the movant at the time of the [previous detention] hearing." 18 U.S.C. § 3142(f)(2)(B).

The Court concludes that Defendant Lane has not presented evidence justifying a change in his pretrial release status. For reasons stated on the record on September 19, 2012, the Court continues to find by a preponderance of the evidence that Mr. Lane is a flight risk.[1]

**IT IS ORDERED** that Defendant's motion to review his pretrial detention (Doc. 165) is **denied.**

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 4/10/2013.

DATED this 28th day of May, 2013.

_____
David G. Campbell
United States District Judge

---

[1] In addition, the government has presented new evidence that raises concern about Defendant Lane's flight risk. This includes documents seized from his personal residence showing how to change one's identity. *See* Doc. 236-2.

- 3 -