**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01419-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Rocky Lane, et al., | |
| Defendants. | |

Defendant Andrew Scott Freeman has filed a motion for severance based on misjoinder of offenses under Rule 8 of the Federal Rules of Criminal Procedure and a motion for severance under Rule 14. Docs. 292-293. Defendant Clinton Joseph Strunk has also filed a motion to sever based on prejudicial joinder. Doc. 331. The United States filed a consolidated response. Doc. 334 at 4-16. For the reasons that follow, the Court will deny the motions to sever.

**I.      Background.**

The second superseding indictment alleges that Defendants participated in the manufacture and sale of designer drugs that contained controlled substance analogues designed to be ingested by persons, in violation of the Analogue Act. Doc. 143. Defendants Freeman and Defendant Strunk argue that they will suffer undue prejudice by being tried with the other Defendants because their alleged roles in the conspiracies were limited and most of the evidence does not implicate them. Defendant Freeman also argues that he will be unfairly prejudiced because one of counts in which he is not named alleges an association with the Hell's Angels motorcycle gang.

**II.     Legal Standard.**

Rule 8(a) provides for the joinder of two or more offenses if (1) they are of similar character, (2) they are based on the same act or transaction, or (3) they constitute parts of a common scheme or plan. Fed.R.Crim.P. 8(a). The validity of joinder under Rule 8(a) "is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir.1990). "Rule 8(a) is to be interpreted broadly in favor of joinder." *United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir.1988).

Rule 14 addresses severance for trial. Fed. R. Crim. P. 14. It states that "if the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *Id*. "The general rule is that persons jointly indicted should be jointly tried." *United States v. Smith*, 893 F.2d 1573, 1581 (9th Cir. 1990). "The granting or denial of a severance trial under [Rule] 14 is a matter within the trial court's discretion. . . . Appellant's burden of establishing prejudice is a difficult one, and a trial judge's ruling will rarely be disturbed on review." *Doe*, 655 F.2d at 926. "Severance is appropriate under Rule 14 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v.* Stinson, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting *Zafiro v. United States,* 506 U.S. 534, 539 (1993)). To obtain severance under [Rule 14] . . . a defendant must show 'clear,' 'manifest,' or 'undue' prejudice from a joint trial." *Smith*, 893 F.2d at 1581.

**III.    Analysis.**

Defendant Freeman argues that he was improperly joined because the indictment alleges that he participated in the business activities of Dynamic Distribution (Count 3) and not Consortium Distribution (Count 1). Freeman views these as two separate conspiracies, and argues that he should not be joined in an indictment that includes both.

Defendants Freeman, Lane, and Strunk are all alleged to have participated in the Dynamic Distribution conspiracy. Defendants Lane and Strunk are also alleged to have

participated in the Consortium Distribution conspiracy. Clearly, Defendant Freeman is properly joined with defendants who allegedly conspired with him in the operation of Dynamic Distribution. The question, then, is whether Defendant Freeman should be joined in an indictment that includes a separate conspiracy involving his two co-conspirators. The Court concludes that such joinder is appropriate under Rule 8. The Consortium Conspiracy not only includes two of Defendant Freeman's co-conspirators, it also includes a similar business, operated in the same geographical area, using the same business and distribution techniques. Much of the evidence concerning the Consortium Distribution conspiracy would be admissible against Defendant Freeman's co-conspirators in the Dynamic Distribution case. Charging the conspiracies in separate indictments would not, therefore, insulate Defendant Freeman from Consortium Distribution evidence. Joinder is proper under the broad standards of Rule 8 because the two conspiracies include overlapping defendants, are of similar character, are based on many of the same acts or transactions, and constitute parts of a common scheme or plan pursued by Defendants Lane and Strunk. The Court likewise concludes that Defendant Strunk is properly joined with Defendants Lane and Freeman.

The Court is not persuaded that severance is required for Defendants Freeman and Strunk under Rule 14. This Circuit has made clear that "a joint trial is particularly appropriate where the codefendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir.2004); *see United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir.1980) (the general rule in favor of joint trials "is also the rule in conspiracy cases").

Moreover, Defendants Freeman and Strunk have not met the high burden of demonstrating "clear," "manifest," or "undue" prejudice. Careful jury instructions will protect Defendants from undue prejudice. The Court will instruct the jury that their verdict on one count should not control their verdict on any other count, and that they

must base their verdict on the evidence presented at trial and not on any personal likes or dislikes, opinions, prejudices, or sympathy. The Court will consider any other instructions Defendants wish to propose to reduce prejudice. Jurors are presumed to follow instructions given to them by the Court. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985). The Court concludes that careful instructions and trial management will eliminate any risk of manifest prejudice.

**IT IS ORDERED** that Defendants' motions for severance (Docs. 292, 293, 331) are **denied.**

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 6/7/2013.

Dated this 24th day of June, 2013.

_____
David G. Campbell
United States District Judge