**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01419-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Rocky Lane, et al., | |
| Defendants. | |

Before the Court is Defendant Clinton Joseph Strunk's motion to preclude evidence of certain speech because he claims its use would violate the First Amendment. Doc. 327.   The government responded to the motion in a consolidated response. Doc. 334 at 21-24.  Defendant filed a consolidated reply.  Doc. 340 at 2-4.  For the reasons that follow, the Court will deny Defendant's motion.

The government alleges that Defendant violated the Controlled Substances Analogue Enforcement Act ("CSAEA").  To show that a substance qualifies as a controlled substance analogue, the government must demonstrate that it is substantially similar in chemical structure to a Schedule I or II controlled substance and that it has substantially similar or greater pharmacological effects on the central nervous system as a Schedule I or II controlled substance or is represented or intended to have such effects. 21 U.S.C. § 802(32)(A)(i)-(iii).  Defendant believes that the government will introduce evidence of his representations to potential buyers that the substances at issue were intended to have such effects in order to prove that they were analogue substances.  He argues that his statements to buyers about the effects of his product are commercial

1    speech entitled to First Amendment protection.  He contends that criminalizing behavior

2    based on protected commercial speech is unconstitutional, and that evidence of his

3    statements regarding the effects of the drugs should therefore be precluded.

4            While it is true that the definition of controlled substance analogue found in

5    § 802(32)(A)(iii) contains an element that depends on a defendant's representations

6    regarding a substance, that definitional section does not serve as the sole basis for

7    criminal liability.  The government must also prove significant non-speech conduct as

8    required by 21 U.S.C. § 841(a)(1), including that the defendant manufactured,

9    distributed, or dispensed, or possessed with the intent to manufacture, distribute, or

10   dispense, the substance at issue.  The Supreme Court has held that "when 'speech' and

11   'nonspeech' elements are combined in the same course of conduct, a sufficiently

12   important governmental interest in regulating the nonspeech element can justify

13   incidental limitations on First Amendment freedoms."  *United States v. O'Brien*, 391

14   U.S. 367, 377 (1968).  The *O'Brien* Court continued: "we think it clear that a government

15   regulation is sufficiently justified if it is within the constitutional power of the

16   Government; if it furthers an important or substantial governmental interest; if the

17   governmental interest is unrelated to the suppression of free expression; and if the

18   incidental restriction on alleged First Amendment freedoms is no greater than is essential

19   to the furtherance of that interest."  *Id*. at 377.

20           There is no dispute that the statute at issue here is within the power of the

21   government and that it furthers an important governmental interest of regulating

22   dangerous substances.    Defendant argues that § 802(32)(A)(iii) is related to the

23   suppression of free expression and that the restriction is greater than what is essential to

24   achieve the important governmental interest.  The Court does not agree.

25           The Government interest at issue here is the regulation of dangerous substances.

26   That interest is not related to the suppression of free expression.  The government has

27   chosen to incorporate representations about the effects of particular substances in the

28   definition of analogue substances in order to further suppress the market for those drugs,

but one could not be held criminally liable merely for making statements.  The criminal activity is the manufacture, possession, and distribution of substances about which such representations are made.  The choice to define some of those substances by the representations made about them is an incidental restriction of expression that is no greater than necessary for the furtherance of the government's important interest of regulating dangerous substances.

Furthermore, the kind of speech at issue here is commercial in nature.  In order to regulate commercial speech, the government must assert a "substantial interest" and demonstrate that the limitation on expression is "designed carefully to achieve the State's goal."  *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 564 (1980).  The regulation must "directly advance the state interest involved," and the government must show that its interest could not be served as well by a more limited restriction on commercial speech.  *Id.*

The government may prove that a substance is a controlled substance analogue by proving that it has a substantially similar chemical structure and substantially similar effects to a controlled substance.  21 U.S.C. § 802(32)(A)(i), (ii).  Alternatively, the government may prove that the substance has a substantially similar chemical structure to a controlled substance and that the defendant represented that it has substantially similar effects to a controlled substance.  21 U.S.C. § 802(32)(A)(i), (iii).  By including this method of proof, Congress presumably intended to broaden the definition of analogue drugs to include individuals who sell drugs with chemical structures substantially similar to scheduled substances and with the representation that the drugs will have effects substantially similar to scheduled substances.

The Court finds that § 802(32)(A)(iii) directly advances the government's interest in preventing a would-be distributor from employing promises of drug-like effects to sell substances with substantially similar chemical compositions to banned substances.  The Court also finds that there is not a more limited restriction on free expression that would adequately accomplish the government's interest in preventing such dangerous behavior.

1    **IT IS ORDRED** that Plaintiff's motion to exclude speech evidence (Doc. 327) is

2  **denied.**

3    Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from

4  6/27/2013.

5    Dated this 24th day of June, 2013.

_____

David G. Campbell
United States District Judge