**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                     Plaintiff,<br><br>v.<br><br>Michael Rocky Lane, et al.,<br><br>                     Defendants. | No. CR-12-01419-PHX-DGC<br><br>**ORDER** |

This order will address matters discussed with the parties on July 16, 2013.

**1.      Admissibility of Defendant's Prior Convictions.**

Defendant Lane has filed a motion to preclude evidence of his prior convictions if he elects to testify. Doc. 449. The motion focuses on a 2000 conviction for bank robbery, but was expanded during today's hearing to include a 1989 conviction for fraud. Defendant Lane served a prison sentence for the fraud conviction until 1994, and a sentence for the bank robbery conviction until 2007.

Rule 609(a)(2) provides that a crime that involved a dishonest act, like fraud, is automatically admissible. This rule of admissibility does not apply if the crime and the date of release from prison are more than ten years old, as is true for Defendant's fraud conviction. Fed. R. Ev. 609(b)(1). In that event, the crime is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. *Id.* This is a stringent requirement – the most stringent in Rule 609 and substantially more stringent than Rule 403. As one leading commentator has explained, "A conviction more than 10 years old may be admitted only if its probative

value *substantially* outweighs its prejudicial effect. Because this test is so stringent, convictions more than 10 years old should be admitted rarely and only in exceptional circumstances." Vol. 4, Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 609.06[1] (Matthew Bender 2d ed. 2013) (emphasis in original).

Defendant Lane's fraud conviction is 24 years old and he was released from the prison term for that crime almost 20 years ago. In addition, the fraud conviction is different from the controlled substance analogue crimes asserted against Defendant in this case. Although Defendant Lane's credibility will be a central issue if he testifies, the Court cannot conclude that a conviction so old has a probative value, supported by specific facts and circumstances, that substantially outweighs its prejudicial effect. Fed. R. Ev. 609(b)(1). Stated differently, the Court cannot conclude that this is an exceptional case where a very old conviction should be admitted.

The bank robbery conviction is more recent. Although it occurred more than ten years ago, Defendant was not released from prison for that conviction until 2007, less than ten years ago. Bank robbery is not a crime involving dishonesty within the meaning of Rule 609(a)(2) and therefore is not automatically admissible. *See United States v. Brackeen*, 969 F.2d 827 (9th Cir. 1992). Because Defendant's bank robbery conviction resulted in a prison term that ended less than ten years ago, however, it may be admitted under Rule 609(a)(1)(B) if its probative value outweighs its prejudicial effect. *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). This is a lower standard than the Rule 609(b)(1) standard discussed above, and the Ninth Circuit has identified five factors to be considered in applying it: (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Id.*

The first factor of this test favors admissibility. As the Ninth Circuit has noted, "prior convictions for robbery are probative of veracity." *Id.* The second factor also favors admissibility. Defendant was released from prison only four years before he

became involved in the events at issue in this case. The fourth and fifth favors also favor admission of the bank robbery conviction. The government must prove that Defendant Lane knew that the chemical structure and physiological effects of the alleged analogues were substantially similar to a schedule I or II controlled substance. Doc. 364. His knowledge is a central issue in this case. Defendant Lane's testimony and credibility will be pivotal if he testifies, and his prior robbery conviction will be probative of veracity. Thus, four of the five factors identified by the Ninth Circuit favor admissibility.

If Defendant testifies, the Court will give Ninth Circuit model jury instruction 4.6. This instruction will direct the jury to consider the prior conviction as it bears on believability and not as evidence of Defendant's guilt on the crimes at issue in this case. With this instruction, and considering the factors discussed above, the Court finds that the probative value of the bank robbery conviction outweighs any prejudice. The conviction therefore will be admissible under Rule 609(a)(1)(B).

"[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. Generally, only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quotation marks and citations omitted). The government will be limited on cross-examination to establishing the fact and date of the prior conviction, and that it was for bank robbery, a felony.

**2.  Defendant's Proposed Exhibits.**

Defendant Lane proposes to introduce in evidence a copy of 21 C.F.R. § 1308 regarding the scheduling of pyrovalerone by the DEA in 1987, and schedules to the United Nations Convention on Psychotropic Substances, 1971, which Defendant characterizes as recommending that pyrovalerone be added as a schedule IV controlled substance. The Court concludes that these documents are not relevant to any issue in this case, and, even if marginally relevant, that admitting them would create a risk of confusion that outweighs their probative value under Rule 403.

1     During cross-examination of the government's chemical structure expert, Dr. DiBerardino, defense counsel elicited testimony that the chemical structure of a-PVP and a-PBP are very similar to the chemical structure of pyrovalerone. Defense counsel suggested during the questioning that pyrovalerone would be an analogue if it was not scheduled, and could not be an analogue so long as it is scheduled. In recently submitted jury instructions, defense counsel argued that the Court should instruct the jurors that they must find Defendant not guilty if they find that a-PVP, a-PBP, and MPPP are "more substantially similar to Pyrovalerone than to MDPV." Doc. 435 at 3. In today's Rule 29 motion, defense counsel argued that the Court should dismiss the government's case because the alleged analogues are more similar to pyrovalerone than to MDPV, methcathinone, and methylone. In opening statements, defense counsel asserted that the patent for pyrovalerone includes drawings for a-PVP and a-PBP.

    Defendant has cited no authority for the proposition that an alleged analogue that is substantially similar in chemical structure and physiological effect to a schedule I or II controlled substance cannot be an analogue if its chemical structure is more similar to a schedule V controlled substance. When asked today during the argument on his Rule 29 motion, defense counsel stated that he was not aware of any authority for this proposition.

    The Court concludes that this is not a requirement of the law. In defining a "controlled substance analogue," the statute requires only that it be substantially similar in chemical structure to, and substantially similar or greater in physiological effect than, "a controlled substance in schedule I or II." 21 U.S.C. § 802(32)(A). The statute does not require a comparison to substances in other schedules, nor does it require that the analogue have its closest similarity to a substance in schedule I or II. As a result, the Court concludes that a substance that satisfies the requirements of § 802(32)(A) is a controlled substance analogue, and does not lose that status because it has a chemical structure that is more similar to a schedule V controlled substance.

    Given this legal conclusion, Defendant's comparisons of a-PVP, a-PBP, and other alleged analogues to pyrovalerone are irrelevant. Defendant will not be permitted to

argue to the jury that the alleged analogues in this case are not analogues because they are more similar to pyrovalerone in chemical structure. As a result, Defendant's proposed CFR and United Nations exhibits concerning the scheduling of pyrovalerone pursuant to a United Nations treaty are irrelevant to any substantive issue in this case.[1]

The Court also concludes that the proposed exhibits are irrelevant to the credibility of Dr. DiBerardino. The Court has reviewed the direct- and cross-examination of Dr. DiBerardino. He testified that pyrovalerone was scheduled pursuant to the government's treaty obligations, and that somebody in our government decided where to put it in the controlled substance schedules. Nothing in the proposed exhibits impeaches this testimony.[2]

The Court also finds that the proposed exhibits would likely be quite confusing to the jury, and that they therefore would be inadmissible under Rule 403 even if some marginal relevance could be found.

### 3. Drug Czar Article.

Defendant seeks to admit in evidence a portion of an AP Online article dated February 1, 2011. The document was marked as Exhibit 79 at today's hearing. Defendant proposes to admit the following portions of the article: "According to a DEA spokesperson . . . The 'bath salts' drugs, also sometimes labeled as plant food, contain the synthetic stimulants MDPV, or 3,4 methylenedioxypyrovalerone, and mephedrone. These chemicals are neither controlled by the Drug Enforcement Administration nor approved by the Food and Drug administration . . . Just because something is not illegal, does not mean it's safe." The implication of this statement, defense counsel asserts, is that the

---

[1] This ruling will not prevent Defendant from using pyrovalerone as an illustration of similar chemical structures during his experts' testimony.

[2] Defense counsel seemed to imply during today's hearing that the United Nations suggested pyrovalerone be placed in schedule IV, but the U.S. government decided to place it in schedule V. Defendant has presented no evidence, however, that the schedule numbering in the Convention Against Psychotropic Substances is the same as the schedule numbering in the Controlled Substances Act. And even if it is, the fact that the U.N. suggested it be placed in a different controlled substance schedule than actually occurred is of no moment in this case.

DEA said in February of 2011 that bath salts were not illegal. The Court finds the proposed exhibit inadmissible for two reasons.

First, the proposed redaction would leave the jury with a misleading impression. The DEA spokesman mentioned in the article, Rusty Payne, is not quoted as saying anything about MDPV or mephedrone. He is quoted as making a statement regarding "bath salts" in general, but the specific products to which he is referring are not identified. Moreover, the proposed redaction would delete statements in the article concerning the serious health risks presented by these products or concerning legislation that had been proposed to make them controlled substances.

Second, the proposed exhibit is not relevant. The Court has previously held that the government need not prove that Defendant Lane knew he was violating the law when he sold the substances at issue in this case. Doc. 364 at 5. Thus, even if the defense could present evidence that Defendant Lane read this article, the "inferred" statement from the DEA spokesperson concerning the legality of bath salts is not relevant.

**IT IS ORDERD** that Defendant's motion to preclude (Doc. 449) is **denied**.

Dated this 16th day of July, 2013.

*David G. Campbell*
David G. Campbell
United States District Judge