JOHN S. LEONARDO
United States Attorney
District of Arizona

DONALD J. PASHAYAN
Assistant U.S. Attorney
Ohio State Bar No. 0071260
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Facsimile:  602-514-7693
Email: don.pashayan@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-12-1419-PHX-DGC(LOA) |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL AND MOTION FOR ADDITIONAL EXTENSION TO FILE SUPPLEMENT** |
| Michael Rocky Lane, | |
| Defendant. | |

The United States of America, by and through its undersigned attorney, respectfully submits this response in opposition to the defendant's motion for new trial and motion for additional extension to file supplement. Doc. # 494.   Because the defendant's allegations are immaterial, involve arguable "impeachment" matters, would not likely result in an acquittal upon re-trial, and are otherwise an attempt to re-litigate matters already ruled upon by this Court and supported by precedent, the motion should be denied without further hearing or supplemental briefing.

### I.      Overview

A federal jury convicted the defendant of all charges on July 19, 2013. Doc. # 465. On July 31, 2013, the defendant filed a motion and requested an additional 45 days to file a motion for a new trial. Doc. # 483.  After the Court granted this motion for additional

time, the defendant filed the foregoing motion for a new trial on September 16, 2013. Doc. ## 486, 494.

Prior to this filing and, in large part, of import to the pending motion, the Court ruled that the Controlled Substances Analogue Enforcement Act of 1986 (CSAEA) was not unconstitutional and that evidence related to a comparison of the charged analogues with cocaine and methamphetamine was admissible to help prove the pharmacological effects at issue in this case. Doc. ## 359, 364, 376, 385, 445, 446, and 461.

## II.    Defendant's arguments

In the motion, the defendant argues that a new trial is warranted based upon:

- Dr. Prioleau "appear[ing] to have given intentionally erroneous testimony;

- The CSAEA being unconstitutionally vague; and

- "Error" in allowing "user" testimony and comparisons of the charged analogues to cocaine and methamphetamine.

Motion at 1.   Because these arguments are immaterial, involve impeachment matters, would not likely result in acquittal upon re-trial, and are otherwise an attempt to re-litigate issues already ruled upon by this Court, the motion should be denied without a hearing or supplemental briefing.

///

///

### III.    Memorandum of Law

In the motion, the defendant raises separate grounds for a new trial--- one predicated on the alleged discovery of new evidence and the other an attempt to re-litigate matters already decided by the Court.   Federal Criminal Procedure Rule 33 provides different parameters for the consideration of such separate allegations:

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> **(b) Time to File.**
> **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> **(2) Other Grounds.**  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

### A. The defendant's alleged newly discovered impeachment material of Dr. Prioleau

In support of the motion, the defendant first asserts that there is new evidence that Dr. Prioleau provided erroneous testimony.  The apparent focal point of this assertion is that Dr. Prioleau testified that NIDA "voluntarily" performed tests on the substances in this case as opposed to being "directed" to do so by DEA.  Motion at 2-3.  The defendant further speculates that additional testing was performed on the substances in this case that was not provided to the defense in discovery. *Id.* at 3.  At worst, these assertions are semantics, speculative, and do not warrant a new trial.  At best, this information is

immaterial, cumulative, possibly of impeachment nature, and would not otherwise result in an acquittal upon a re-trial.

Five requirements must be met for a court to grant a new trial on the grounds of newly discovered evidence:

(1) the evidence must in fact be newly discovered, that is, discovered after the trial and unknown to the defendant at the time of the trial;

(2) facts must be alleged from which the court may infer diligence on the part of the defendant and the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;

(3) the evidence must be material to the issues involved;

(4) the evidence must not be merely cumulative or impeaching; and

(5) the newly discovered evidence must be of such a nature that it would probably produce an acquittal at a new trial.

*United States v. Kulczyk,* 931 F. 2d 542, 548-49 (9th Cir. 1991); *United States v. Krasny*, 607 F.2d 840, 843 (9th Cir. 1979).

Here, at least three of these five requirements pose a clear bar to the defendant's request for a new trial.  First, the defendant's allegations are immaterial and cumulative.  That is, the defendant cites to a study published in a journal entitled: Behavioral Pharmacology, 24 (5 and 6): 437-447, September 2013.[i]   This new MDPV study supports--- not undercuts--- Dr. Prioleau's trial testimony relative to MDPV's stimulant effects. *Id.* at 3; Defendant's Exhibit 2.  As such, the import and the existence of this new study are cumulative to other evidence presented at trial of MDPV's stimulant effects and

immaterial to Dr. Prioleau's opinion in such regards.  Second, this new study could be considered impeachment material and is a strained effort to create an issue where there is none.  The defendant suggests that this study and Ms. Swanson's affidavit indicate that DEA "asked," ordered, or otherwise directed NIDA to conduct studies on different substances which is different from Dr. Prioleau's testimony that NIDA "volunteered" to do so. *Id.* at 3; Defendant's Exhibits 2, 3.  Such defense word-smithing is one of semantics and lacks any real substance--- especially taking into consideration Dr. Prioleau's testimony as a whole. *See*  Defendant's Exhibit 1.[1]  Lastly, *assuming arguendo* that this study is not cumulative and is somehow impeachment material, it would not probably lead to an acquittal at a new trial because this study--- if actually admitted into evidence or if used to impeach Dr. Prioleau--- supports Dr. Prioleau's opinion.

As an aside, the defendant's assertion "whether other testing on the relevant alleged analogues that was not disclosed has occurred which would be relevant to the government's case" is speculative. Motion at 2.  If such testing actually existed, Rule 33(b)(1) would provide the defendant with a remedy at a later time.[2]  That is, the defendant would have 3 years from the date of the verdict to move for a new trial if there actually was newly discovered evidence that otherwise comported with *Krasny's*

---

[1]     Logically, DEA could not order NIDA to perform such testing since, as the Court may recall, Dr. Prioleau testified that NIDA was a separate agency from DEA.

[2]     In responding to this motion, the United States spoke with Dr. Prioleau.  Dr. Prioleau advised that there are no new studies or published articles which would undercut her trial testimony.

1   requirements. *See* Fed. R. Crim. P. 33.  As such, the motion should be denied because

2   this newly discovered evidence is immaterial, is cumulative, involves impeachment

3   material, and would not likely lead to an acquittal at a new trial.

4

5   **B. The defendant's renewed attempt to re-litigate legal issues that have already been considered and ruled upon by the Court**

6

7   **1. The defendant's renewed void for vagueness argument**

8   The defendant's renewed void for vagueness argument does not warrant a new

9   trial because it fails to raise any new issue that had not been previously considered and

10  address by the Court in its June 24, 2013 order. *See* Doc. # 364.  As noted in the United

11  States' response to the defendant's prior vagueness challenge, federal courts of appeal,

12  just like this Court, that have been faced with a constitutional vagueness challenge to the

13  CSAEA, have consistently found the CSAEA to be constitutional and not to be vague.

14
15  *See, e.g.*, *United States v. Berger*, 553 F.3d 1107, 1110 (8th Cir. 2009) ("the statute is not

16  unconstitutionally vague"); *United States v. Bamberg*, 478 F.3d 934, 937 (8th Cir. 2007)

17  ("The lack of notice argument fails"); *Washam*, 312 F.3d at 926; *United States v.*

18
19  *Orchard*, 332 F.3d 1133, 1138 (8th Cir. 2003); *United States v. McKinney*, 79 F.3d 105,

20  107-108 (8th Cir. 1996) *vacated on unrelated grounds*, 520 U.S. 1226 (1997); *see also*

21
22  *United States v. Ansaldi*, 372 F.3d 118, 122 (2nd. Cir. 2004); *United States v. Roberts*,

23  363 F.3d 118, 125 (2nd Cir. 2004); *United States v. Klecker*, 348 F.3d 69, 71-72 (4th Cir.

24
25  2003) ("courts of appeals have unanimously rejected vagueness challenges to the

26  Analogue Act."); *United States v. Desurra*, 865 F.2d 651 (5th Cir. 1989); *United States v.*

27  *Granberry*, 916 F.2d 1008, 1010 (5th Cir.1990) (ruling that the CSA's Analogue

28

Provision is "clearly and specifically defined, in terms readily comprehensible to the ordinary reader"); *United States v. Hofstatter*, 8 F.3d 316 (6th Cir. 1993); *United States v. Turcotte*, 405 F.3d 515,517 (7th Cir. 2005) ("The circuit courts considering this issue have unanimously held that the CSA's Analogue Provision is not unconstitutionally vague"); *United States v. Raymer*, 941 F.2d 1031, 1045-46 (10th Cir. 1991); *United States v. Fisher*, 289 F.3d 1329 (11th Cir. 2002), *cert. denied*, 537 U.S. 1112 (2003); *United States v. Carlson*, 87 F.3d 440 (11th Cir. 1996).

Here, the defendant attempts to simply recycle the same arguments that have been made before and rejected by this Court and others.  Because the defendant has failed to identify any facts, or any new legal arguments, that could possibly justify granting of a new trial on vagueness grounds, the motion should be denied.

### 2.  The defendant's renewed objection to "user" testimony and comparisons to cocaine and methamphetamine

The defendant's renewed objection to "user" testimony and comparisons to cocaine and methamphetamine does not warrant a new trial because it fails to raise any new issue that was not been previously addressed by the Court in its June 26 and July 13 orders, addressed in its final jury instructions, and adhered to by the United States during trial. *See* Doc. # 385, 445, 461.  That is, the United States was allowed to and offered "user" testimony related to the effects of cocaine and methamphetamine for the limited purpose of establishing that those drugs had a stimulant effect that was similar to <u>both</u> the controlled substances (e.g. MDPV) and their analogues (e.g. APVP) in this case. Consistent with the Court's instructions, the United States did not offer or argue that the

defendant should be convicted because the analogues in this case were structurally similar to one controlled substance (e.g. MDPV) but pharmacologically similar to a different controlled substance (e.g. cocaine, but not MDPV).

Even if it had done so, based upon the actual legislative history and plain meaning of the CSAEA, it would not have been error for the United States to offer and argue that the defendant should be convicted if the analogues in this case were structurally similar to one controlled substance (e.g. MDPV) but pharmacologically similar to a different controlled substance (e.g. cocaine). *See* United States' Motion for Reconsideration and Clarification Doc. # 394; *see also* July 13, 2013 order, Doc. # 445.  Indeed, the Court found "merit" in the United States' motion to reconsider this very issue, but concluded that changing the "law of the case" at such a late stage of the trial would be "quite unfair to defendant." *See* Doc. # 445.

Moreover, as has already been briefed, the admission of lay "user" testimony itself is proper and admissible. *See, e.g., United States v. Westbrook*, 896 F.2d 330, 336 (8th Cir. 1990)(citations omitted); *United States v. Snell,* Northern District of New York, Case No. 5:11-CR-0363(GTS).   Because the defendant's renewed objection to "user" testimony and comparisons to cocaine and methamphetamine fails to raise any new issue that had not been previously addressed by the Court and adhered to by the United States during trial, the motion for a new trial should be denied.

C. **The request for additional time to file a supplemental briefing**

The motion for additional time to file a supplemental briefing should likewise be denied.  First, the defendant has already received one 45 day extension to file a motion

for new trial.  In that time, the defendant has only been able to raise, in large part, certain "vagueness" and "user" matters that have already been ruled upon by this Court after having been the subject of lengthy prior briefing and consideration.  Moreover, these and other like matters can be litigated upon appeal.  Second, during that same time, the defendant attempted to raise, when there is none, a "newly" discovered evidence issue related to Dr. Prioleau.  As mentioned above, if there actually is or was newly discovery evidence, Rule 33(b)(1) provides the defendant with a remedy that can be sought at that time.  Third, in the interests of judicial economy and resources, a number of other related cases hinge on the resolution and sentencing of the defendant's case.  Lastly, the weight of the evidence against the defendant at trial was overwhelming and included numerous admissions made by the defendant himself.  As such, the United States would object to the defendant's receipt of additional leave and would ask that the Court deny that motion.

### D.  The need for a hearing

Based upon the issues raised by the defendant in his motion, the attachments to that motion, and the United States' response herein, the United States believes that the Court can rule on these matters without the need for a hearing.

### IV.   CONCLUSION

Based upon the foregoing, the defendant's motion for a new trial should be denied without further hearing or supplemental briefing because the defendant's allegations are immaterial, involve arguable "impeachment" matters, would probably not result in an acquittal upon re-trial, and are otherwise an attempt to re-litigate legal matters already

///

ruled upon by this Court and supported by precedent.

Respectfully submitted this  1st day of October, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/D. J. Pashayan*
D. J. PASHAYAN
Assistant U.S. Attorney

<u>Certificate of Service</u>:

I hereby certify that on October 1, 2013,  I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Bruce S. Feder
Attorney for Defendant Michael Rocky Lane

By: *s/ Donald J. Pashayan*