WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Michael Rocky Lane, et al.,<br><br>                Defendants. | No. CR-12-01419-001-PHX-DGC<br><br>**ORDER** |

Defendant Michael Rocky Lane was convicted of various drug crimes, and the United States moved for forfeiture of his assets. The parties stipulated at sentencing that all assets were subject to forfeiture except a Big Dog motorcycle, which Defendant contested. The Court directed the parties to submit briefing on this issue, and the parties have complied. Docs. 547, 572, 574. No party has requested oral argument. The Court finds that the motorcycle is subject to forfeiture.

**I.     Background.**

A jury found Defendant guilty of conspiracy to manufacture and distribute controlled substance analogues beginning in 2011, and possession with intent to distribute controlled substance analogues in 2012, in violation of 21 U.S.C. §§ 813, 841(a)(1), and 846. Doc. 465. The government seeks forfeiture of Defendant's property pursuant to 21 U.S.C. §§ 853, 881(a)(6), and 28 U.S.C. § 2461(c). Defendant purchased the 2004 Big Dog motorcycle in September 2009, well before he committed the crimes for which he was convicted at trial. The government concedes that Defendant did not use

the motorcycle to facilitate his crimes and did not purchase it with criminal proceeds. Doc. 572 at 2.

## II.  Legal Standard.

Courts may impose criminal forfeiture as punishment following conviction of a substantive criminal offense. *Libretti v. United States*, 516 U.S. 29, 39 (1995). Criminal forfeiture operates *in personam* against a defendant and divests him of title to proceeds from his unlawful activity. *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005). Substitute assets may be forfeited if, due to the defendant's acts or omissions, forfeitable assets cannot be located upon the exercise of due diligence. 21 U.S.C. § 853(p)(1)(A). Substitute assets may be forfeited up to the value of directly forfeitable assets that cannot be located. 21 U.S.C. § 853(p)(2).

## III.  Motorcycle.

Plaintiff has submitted the affidavit of Agent Ken C. Henry, a DEA agent assigned to this case.[1] According to Agent Henry, approximately $3,737,002.05 was credited or deposited to Wells Fargo bank account 8761937898. Doc. 547-1 at 26. These transactions occurred within the dates of the conspiracy for which Defendant was convicted. *Id*. The account was operated by Dynamic Distribution AZ, LLC, the company through which Defendant conducted his illicit transactions. In June 2012, $1,433,883.56 was withdrawn from the account. *Id*. at 27. Although nearly $1,191,923.23 in criminal proceeds were seized, at least $642,861.33 in additional criminal proceeds cannot be located with due diligence. *Id*. Agent Henry also asserts that a confidential source informed him that Defendant leased a safe deposit box at Mountain Vault in Phoenix and that Defendant stored in excess of one million dollars in the box. *Id*. When the safe deposit box was seized by the government, it was empty. *Id*. at 28. Mountain Vault's records disclosed that the box was accessed on July 25, 2012, after Defendant was in custody. *Id*.

---

[1] The Court may consider hearsay in forfeiture proceedings so long as the Court determines that it is relevant and reliable, which the Court does in this case. *See* Fed. R. Crim. P. 32.2(b)(1)(B).

1	Defendant asserts that Agent Henry's affidavit is unreliable.  Doc. 574 at 2.  Although the Court finds the facts known to Agent Henry to be reliable, the affidavit does not provide adequate information to establish the reliability of the confidential source.  Doc. 547-1 at 27-28.  Therefore, the Court will not consider the potential funds that may have been stored in the safe deposit box.

The Court finds that Agent Henry's assertions about the missing funds from the Wells Fargo account are reliable.  The 2004 Big Dog motorcycle may be forfeited if, due to Defendant's acts or omissions, forfeitable assets cannot be located upon the exercise of due diligence.  21 U.S.C. § 853(p)(1)(A).  Defendant was the sole owner and proprietor of Dynamic Distribution.  Doc. 547-1 at 26.  Hundreds of thousands of dollars in criminal proceeds passed through Dynamic Distribution's account and have been concealed or dissipated.  The estimated value of the motorcycle is $10,000.  Doc. 572 at 3.  Given that the missing funds far exceed the value of the motorcycle, the motorcycle will be forfeited as a substitute asset.  *See United States v. Warshak*, No. 1:06-CR-00111, 2008 WL 2705044, *5 (S.D. Ohio July 8, 2008) (finding that evidence that the criminal proceeds had been dissipated was sufficient to satisfy the requirements of § 853(p)); *United States v. Stathakis*, No. 04-CR-790, 2008 WL 413782, *16 (E.D.N.Y. 2008 Feb. 13, 2008) (finding that due diligence requirement satisfied when agent obtained defendant's bank records and found the accounts to be empty).

**IV.	Sums of $9,177.41 and $6,587.34.**

At sentencing, the parties stipulated that all assets the government sought in its first motion for preliminary order of forfeiture (Doc. 547) should be forfeited, with the exception of the motorcycle.  In his memorandum, Defendant asserts for the first time that two sums of money – $9,177.41 in an account held by BIG DAWG ENTERPRISES and $6,587.34 in Defendant's personal account – are not forfeitable.  Doc. 574 at 1.  The Court is not inclined to permit Defendant to repudiate his stipulation.  In any event, Agent Henry's affidavit provides relevant and reliable evidence that these sums are forfeitable as criminal proceeds, and Defendant has provided no evidence or legal

1  authority to show otherwise.

2  **IT IS ORDERED** that Plaintiff's motions for an order of forfeiture (Docs. 547,
3  572) are **granted**.  Defendant shall forfeit the following property to the United States:

4  1. All that lot or parcel of land, together with its buildings, appurtenances,
5  improvements, fixtures, attachments, and easements located at 18009 North
6  Villa Rita Drive, Phoenix, Arizona, 85032.

7  2. All that lot or parcel of land, together with its buildings, appurtenances,
8  improvements, fixtures, attachments, and easements located at 18015 North
9  43rd Street, Phoenix, Arizona, 85032.

10  3. All that lot or parcel of land, together with its buildings, appurtenances,
11  improvements, fixtures, attachments, and easements located at 7520 East
12  Belleview Street, Scottsdale, Arizona, 85257.

13  4. 2012 Toyota 4-Runner displaying Arizona license plate ALA-9447 and
14  VIN: JTEBU5JR5C5100167, registered to Defendant.

15  5. 2004 Big Dog motorcycle with Arizona personalized registration "SALTS"
16  and VIN: 5J11GBJ194W000293, registered to Defendant.

17  6. The contents of Wells Fargo Bank Account 8761938037 in the name of Big
18  Dawg Interprises L.L.C., $8,802.69.

19  7. The contents of Wells Fargo Bank Account 8761940967 in the name of Big
20  Dawg Interprises L.L.C., $374.72.

21  8. The contents of Wells Fargo Bank Account 8761937898 in the name of
22  Dynamic Distribution L.L.C., $428,923.23.

23  9. The contents of Wells Fargo Bank Account 8761941148 in the name of
24  Dynamic Distribution L.L.C., $1,008.77.

25  10. The contents of Wells Fargo Bank Account 8761937724 in the name of
26  Gems and Such L.L.C., $2,256.70.

27  11. The contents of Wells Fargo Bank Account 8761940835 in the name of
28  Gems and Such L.L.C., $466.76.

12. The contents of Wells Fargo Bank Account 8761937716 in the name of Bath Salts Unique L.L.C., $119.60.
13. The contents of Wells Fargo Bank Account 8761940843 in the name of Bath Salts Unique L.L.C., $132.60.
14. The contents of Wells Fargo Bank Account 2145565772 in the name of Wicked Shops LLC and Defendant, $267.10.
15. The contents of Wells Fargo Bank Account 7453738317 in the name of Defendant, $6,587.34.
16. The contents of Desert Schools Federal Credit Union Account 4326501681 in the name of Dynamic Distribution, $150,004.10.
17. The contents of Desert Schools Federal Credit Union Account 3000016539 in the name of Dynamic Distribution, $628.72.
18. The contents of M & I bank account 4808338807 in the name of Dynamic Distribution and Defendant, $250,035.58.
19. Service Credit Union Cashier's Check number 2349049, $3,062.00.

Dated this 22nd day of January, 2014.

_____
David G. Campbell
United States District Judge